UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTIAN SON,

                    Plaintiff,

v.                                          1:22-CV-1388
                                          (GTS/DJS)

US ARMY,

                    Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

CHRISTIAN SON
  Plaintiff, *Pro Se*
General Delivery
Albany, NY 12201

HON. CARLA B. FREEDMAN              JOHN D. HOGGAN, JR., ESQ.
U.S. Attorney for the N.D.N.Y.         Assistant U.S. Attorney
  Counsel for Defendant
445 Broadway, Room 218
James T. Foley Courthouse
Albany, NY 12207-2924

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Christian Son

("Plaintiff") against the U.S. Army ("Defendant"), is Defendant's motion to dismiss Plaintiff's

Complaint with prejudice for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) and/or failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 36.) For

the reasons set forth below, Defendant's motion is granted in part and denied in part such that

Plaintiff's Complaint is dismissed without prejudice and without prior leave to amend. In

addition, Plaintiff is referred to Chief U.S. District Judge Brenda K. Sannes for consideration of a possible Pre-Filing Order against him.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Claims

In its entirety, Plaintiff's Complaint alleges as follows:

> I was duped by US Army recruiter and others into low rank and low pay into entry into US Army. I was killed twice in the US Army soon after. I was duped and forced to have a low rank and low pay with college degree. I was supposed to start at officer rank in US Army with college degree. I was misled into it starting with recruiter to armory command. I missed out on officer pay for 4 - 5 years and demand it. What a waste of time and money. Discrimination towards me and my low rank is obvious with cars and truck difference. I was lied to and later discovered the pay gap after military service with different ranks.

(Dkt. No. 1, at 1 [Plf.'s Compl.].)

Although his Complaint does not expressly articulate the claim upon which he demands relief, in his Civil Cover sheet, Plaintiff indicated the nature of his suit by checking the box for "Other Civil Rights."  (Dkt. No. 1, Attach. 1, at 1 [Civil Cover Sheet].)

Moreover, as for his requested relief, in a subsequently filed document, Plaintiff elaborated on his requested relief as follows: "I . . . demand cost to the court paid and . . . possible higher rank than 0-5 and higher pay rate and Infinite USD sent to me for any further lawsuits."  (Dkt. No. 17, at 3 [Plf.'s Amended Request for Entry of Default].)  In another subsequently filed document, Plaintiff indicated the term of demanded compensation as "the past 100 years."  (Dkt. No. 26, at 2 [Plf.'s Civil Case Management Plan].)[1]  Finally, in another

---

[1]      The Court notes that page citations in this Decision and Order refer to the screen numbers on the Court's Case Management / Electronic Case Filing ("CM/ECF") System, not the page numbers on the documents contained therein.

subsequently filed document (which has been stricken from the docket sheet as having been filed without prior leave), Plaintiff explained that he wants the Court to "set [his personal] computer chip year to 2123," because "I died for 100 years" (having been "killed twice" and having taken "years to [be] put . . . back together"), "so I need to be in 2123 and present year income as such rank." (Dkt. No. 30 [Plf.'s Settlement Status Report].)

> ### B.    Parties' Briefing on Defendant's Motion

> #### 1.    Defendant's Memorandum of Law in Chief

Generally, in support of its motion to dismiss, Defendant argues that Plaintiff's Complaint can and should be dismissed with prejudice by the Court, despite the fact that Plaintiff (who is not a prisoner) has paid the Court's filing fee, because the *pro se* Complaint's supporting factual allegations are not merely implausible but delusional and thus frivolous. (*See generally* Dkt. No. 36, Attach. 1, at 7-8 [Def.'s Memo. of Law].)

> #### 2.    Plaintiff's Non-Response

Despite having received a courtesy copy of the District's Pro Se Handbook and Local Rules of Practice (Dkt. No. 3), and two notices of the deadline for a response to the motion (Dkt. No. 36 [Receipt of Mailing of Docket Text]; Dkt. No. 39 [Notice of Due Date to Respond to Motion to Dismiss]), Plaintiff has not responded to Defendant's motion to dismiss (*see generally* Docket Sheet).

## II.    RELEVANT LEGAL STANDARDS

> ### A.    Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen*

*Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction.  *Makarova*, 201 F.3d at 113.  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp. Sys.*, Inc., 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

Generally, dismissals for lack of subject-matter jurisdiction must be without prejudice (because the Court lacks jurisdiction to pass on the merits of the claims asserted).  *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("One other wrinkle: when a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.' *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). As a result, where a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*. See Carter [v. HealthPort Techn., LLC]*, 822 F.3d [47,] 54-55 [(2d Cir. 2016)].") (emphasis in original).

Finally, it appears to be a factually specific inquiry (if not an open question) whether a dismissal based on sovereign immunity is one based on a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or one based on a failure to state a claim under Fed. R. Civ. P.

12(b)(6).  *Compare Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)

("[W]hether the claim of sovereign immunity constitutes a true issue of subject matter

jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the

Supreme Court and the Second Circuit. . . . More recently, we held that the burden of proof in a

case involving the assertion of sovereign immunity is on the party asserting it—a holding that we

acknowledged is more consistent with the understanding that sovereign immunity was an

affirmative defense.") *with Dorking Genetics v. United States*, 76 F.3d 1261, 1264 (2d Cir. 1996)

(treating a dismissal of a claim under the Federal Tort Claims Act based on sovereign immunity

as one based on lack of subject-matter jurisdiction).

      **B.**      **Legal Standard Governing Motions to Dismiss for Failure to State Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief

can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d

204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de

novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding

that ground is appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between

permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement

to relief is often at the heart of misunderstandings that occur regarding the pleading standard

established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[2]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.

---

[2]        *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

6

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Where a plaintiff is proceeding *pro se*, a court must afford his complaint "special solicitude" or extra-liberal construction, pursuant to which it must construe his complaint as raising the strongest claims that it suggests, consistent with his complaint's factual allegations. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[W]e hold [the allegations of pro se complaints] to less stringent standards than formal pleadings drafted by lawyers . . . ."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (recognizing that, where plaintiffs proceed pro se, courts must construe their complaints with "special solicitude" and interpret them to raise the "strongest [claims] that they suggest").

Finally, generally, this extension of special solicitude to *pro se* plaintiffs also requires the Court to consider the factual allegations asserted in a plaintiff's papers in response to a motion to dismiss to the extent they are consistent with the factual allegations of the plaintiff's complaint. *See Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (indicating that courts cannot read into

pro se submissions claims that are not "consistent" with the *pro se* litigant's allegations); *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("Like the district court, we deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss.").

### C.    Effect of Failing to Oppose a Motion

In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

Alternatively, the Court can deem the challenged claim abandoned (regardless of the facial merit of the unresponded-to argument).  *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made–i.e., referencing some claims or defenses but not others–a distinction between pro se and counseled responses is appropriate. In the case of a pro se, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the

9

case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

III.    **ANALYSIS**

   A.    **Defendant's Motion to Dismiss**

The Court begins its analysis by observing that the conclusions it reaches below regarding Plaintiff's Complaint would remain the same regardless of whether the Court were to consider the factual allegations of the Complaint as having been effectively amended by the factual allegations asserted in Plaintiff's subsequent filings.  *See, supra,* Part I.A. of this Decision and Order (distinguishing between those factual allegations).[3]

Next, the Court expresses its agreement with Defendant's argument that, generally, the factual allegations asserted by Plaintiff in support of his claim are implausible, because they lack an indication of (1) when he was recruited into the U.S. Army, (2) where he was recruited into the U.S. Army (which presumably would enable Defendant to discover who recruited Plaintiff), and (3) the dates of his enlistment and service.  (Dkt. No. 36, Attach. 1, at 3-4 [Def.'s Memo. of

---

[3]         The Court notes that it is questionable whether considering the factual allegations of Plaintiff's subsequent filings (which make the delusional nature of his factual allegations more clear) would actually constitute an extension of special solicitude to Plaintiff.  *See, supra,* Part II.B. of this Decision and Order (discussing the general duty to extend special solicitude to a *pro se* plaintiff).

Law].)[4]  The Court adds that, because Plaintiff failed to oppose this argument, Defendant's

burden with regard to it has been lightened to one of mere facial merit.  *See, supra,* Part II.C. of

this Decision and Order.

Ordinarily, the Court would proceed to an analysis of whether the Complaint must be

dismissed with or without prejudice, and with or without prior leave to amend, based on whether

the above-described pleading defect were substantive or procedural in nature.  *See, e.g., Cuoco v.

Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is

substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile

request to replead should be denied.") (citation omitted); *cf. Foman v. Davis*, 371 U.S. 178, 182

(1962) (finding that denial of leave to amend was not abuse of discretion where amendment

would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) ("Where it

appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of

discretion to deny leave to amend."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48

(2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its

claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp.

v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed

amendments, leave to amend should be denied"); *Brown v. Peters*, 95-CV-1641, 1997 WL

599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend

where it appears that amendment would prove to be unproductive or futile.") (citation omitted).

---

[4]        The Court notes that it does not characterize Plaintiff's factual allegations as "not
detailed" only because the Supreme Court has expressed its disapproval of that term in this
context. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (explaining that, while
a pleading need "set out *in detail* the facts upon which [the claim is based]," the pleading must
contain at least "some factual allegation[s].") (emphasis added).

However, here, another defect appears to plague the claim asserted in Plaintiff's Complaint, presenting the Court with a threshold question that it must resolve before evaluating the plausibility of that claim: whether Plaintiff's claim is barred by the doctrine of sovereign immunity under the Eighth Amendment.  Granted, some confusion appears to exist regarding whether a sovereign-immunity issue is properly evaluated under Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  *See, supra,* Part II.A. of this Decision and Order.  However, if the issue were properly evaluated here under Fed. R. Civ. P. 12(b)(1), then the dismissal of Plaintiff's Complaint should be without prejudice, rather than with prejudice as Defendant has requested.  *See, supra,* Parts II.A. and I.B.1. of this Decision and Order.  As a result, out of special solicitude to Plaintiff as a *pro se* civil rights litigant, the Court will treat the sovereign-immunity issue that the Court perceives as arising under Fed. R. Civ. P. 12(b)(1).[5]

Regardless of the nature of the 100-year term for which Plaintiff demands compensation (based on factual allegations that Defendant persuasively argues are delusional), the strongest claim suggested by Plaintiff's remaining factual allegations appears to be one of tortious misrepresentation under the Federal Tort Claims Act.  *See, supra,* Part II.B. of this Decision and Order (explaining that, where a plaintiff proceeds *pro se*, a court must construe his or her complaint with "special solicitude" and interpret it to raise the "strongest claims" that it suggests).  *See, e.g., Bennett v. United States Navy,* 96-CV-1550, 1997 WL 176728, at *1 (E.D.N.Y. Apr. 2, 1997) (construing a similar claim as one of tortious misrepresentation under

---

[5]       The Court notes that, although Defendant's memorandum of law nowhere uses the words "sovereign immunity" or "immunity," that memorandum of law does expressly rely, in part, on Fed. R. Civ. P. 12(b)(1).  (*See generally* Dkt. No. 36 [Notice of Motion]; Dkt. No. 36, Attach. 1, at 5 [Def.'s Memo. of Law].)  In any event, the Court may address issues of subject-matter jurisdiction *sua sponte*.  Fed. R. Civ. P. 12(h)(3).

the Federal Tort Claims Act).  As explained by U.S. District Judge Raymond J. Dearie of the

Eastern District of New York,

> The Federal Tort Claim Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (the
> "FTCA"), provides a waiver of the sovereign immunity of the United
> States against tort claims, but specifically excepts from that waiver claims
> for misrepresentation or deceit. 28 U.S.C. § 2680(h); *Block* [*v. Neal*], 460
> U.S. [289,] 293-94; *Dorking Genetics v. United States*, 76 F.3d 1261, 1264
> (2d Cir.1996); *Bruce v. United States Army*, 508 F.Supp. 962, 966 (E.D.
> Mich. 1981) ("[a]ny waiver of the sovereign immunity of the United States
> from tort claims must be enumerated in the [FTCA], and claims based
> upon tortious misrepresentation are expressly excepted from the terms of
> the waiver provided therein") (citation omitted).

*Bennett*, 1997 WL 176728, at *1. Like the tortious misrepresentation claim asserted in *Bennett*,

Plaintiff's tortious misrepresentation claim is barred by the doctrine of sovereign immunity.

Finally, again, because the Court treats this issue as arising under Fed. R. Civ. P. 12(b)(1), an

immediate dismissal without prejudice is warranted.  *See, supra,* Part II.A. of this Decision and

Order.

### B.    Referral to Chief Judge Brenda K. Sannes for Possible Pre-Filing Order

Although the Court can find no other actions filed by Plaintiff in this District (or the other

district courts within the Second Circuit), the Court believes that grounds may exist to direct

Plaintiff to show cause as to why he should not be enjoined from filing future actions in this

District *pro se* without prior leave of the District's Chief Judge. This is because, in addition to

asserting a claim that is based in part on factual allegations that may be fairly characterized as

delusional and thus frivolous (unless one may indeed be "killed twice" and then engage in time

travel), Plaintiff has submitted 17 improper documents to the Court (13 of which are fake or state

material misrepresentations of fact, and the remaining 4 of which relate to those 13 documents)[6]
and thus has engaged in a litigation practice that may be fairly characterized as vexatious.  (Dkt.
Nos. 47-53.)

It is well settled that "[a] district court may, in its discretion, impose sanctions against
litigants who abuse the judicial process."  *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d
Cir. 1996).  Where a litigant persists in the filing of vexatious and frivolous suits, it may be
appropriate to place certain limitations on the litigant's future access to the courts.  *Hong Mai Sa
v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor
Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of
repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding
further litigation may be an appropriate sanction.").  Before imposing such limitations, the court
should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed
> vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in
> pursuing the litigation, e.g., does the litigant have an objective good faith
> expectation of prevailing?; (3) whether the litigant is represented by
> counsel; (4) whether the litigant has caused needless expense to other
> parties or has posed an unnecessary burden on the courts and their
> personnel; and (5) whether other sanctions would be adequate to protect
> the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir.
1986]).

The Court finds that Plaintiff's aforementioned frivolous and vexatious litigation

---

[6]      The Court notes that at least two of these fraudulently created documents are
purported Court Orders whose signature lines bear the undersigned Judge's name (although
incorrectly spelled).

practices as a *pro se* litigant have needlessly imposed an unusual and time-consuming burden on

not only Defendant, the Court and its Clerk's Office but the Federal Bureau of Investigation and

U.S. Marshal's Service (which were tasked with investigating Plaintiff's fraudulent filings).

Finally, as for whether Plaintiff's actions were taken in good faith and could be avoided in the

future through a stern warning, the Court notes that it understands that, even after Plaintiff was

expressly warned by an FBI agent on June 29, 2023, that continuing to file fraudulent documents

could constitute a crime, Plaintiff reportedly appeared at the Clerk's Office in Albany on the

morning of July 12, 2023, for a meeting with U.S. Magistrate Judge Daniel J. Stewart and

defense counsel that Plaintiff himself had purportedly scheduled but that was, in fact,

unscheduled.  Simply stated, lesser sanctions may not be adequate to protect the Court and

Defendant.

     **ACCORDINGLY,** it is

     **ORDERED** that Defendant's motion to dismiss (Dkt. No. 36) is **<u>GRANTED</u> in part** and

**<u>DENIED</u> in part** such that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u> without**

**prejudice** and without prior leave to amend; and it is further

     **ORDERED** that Plaintiff's frivolous and vexatious litigation practices are **REFERRED**

to Chief United States District Judge Brenda K. Sannes for consideration of a possible **PRE-**

**FILING ORDER** against him.

Dated: July 31, 2023
     Syracuse, New York

Glenn T. Suddaby
U.S. District Judge